# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM F. EDENFIELD,**
**D.O.C. # N06821,**

    **Plaintiff,**

**vs.**                                        **Case No.  4:23cv129-AW-MAF**

**SCOTT D. MILLER,**

    **Defendant.**
**_____/**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on April 3, 2023, by submitting a civil rights complaint, ECF No. 1, under 42 U.S.C. § 1983, and a motion for in forma pauperis status, ECF No. 2.  Neither document was sufficient and Plaintiff was required to file an amended in forma pauperis motion by May 4, 2023.  ECF No. 4.  When Plaintiff failed to comply, a Report and Recommendation, ECF No. 5, was entered on May 15, 2023.  It was recommended that this case be dismissed because Plaintiff had not prosecuted this case.  *Id.*

On May 31, 2023, Plaintiff submitted a belated amended complaint, incorrectly titled as a "third amended complaint." ECF No. 6. Plaintiff also submitted a "motion for lawsuit on Defendant for wrongfully and false representation and defamation of character." ECF No. 7. Plaintiff did not, however, file the amended in forma pauperis motion as required. Thus, because demonstrated that he had not abandoned this litigation, the prior Report and Recommendation, ECF No. 5, was vacated. ECF No. 8.

Nevertheless, another Report and Recommendation was entered on June 2, 2023, recommending dismissal of this case because even if Plaintiff had properly filed an in forma pauperis motion, Plaintiff's amended complaint, ECF No. 6, was still insufficient to state a claim. ECF No. 9. Since entering that second Report and Recommendation, Plaintiff has filed three letters, ECF Nos. 10, 14 and 15, an in forma pauperis motion, ECF No. 12, a "fourth amended complaint," ECF No. 11, and a motion to proceed with this case, ECF No. 13. Each has been reviewed.

First, Plaintiff's in forma pauperis motion is sufficient to demonstrate Plaintiff lacks funds with which to pay the filing fee. Plaintiff's motion, ECF No. 12, is granted and Plaintiff's original in forma pauperis motion, ECF No. 2, is denied as moot. Plaintiff is not required to pay the $350.00 filing fee to

proceed with this case, but Plaintiff is assessed the amount of the filing fee and when funds exist, partial payments must be made to the Court. *See* 28 U.S.C. § 1915(b)(1). He is also reminded that notwithstanding the assessment of the filing fee, the Court is required to dismiss this cast at any time it is determined to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff's first letter, ECF No. 10, asserts that Plaintiff is indigent. That letter is acknowledged. Plaintiff's second letter is a letter to the Clerk of Court. ECF No. 14. It was not properly styled for this case, does not seek relief from the Court, and will not be considered further. The second letter, ECF No. 15, was also directed to the Clerk's attention, did not include Plaintiff's case number or case style, but did include nearly 150 pages of unorganized, random pages of letters, state court documents, and the like. ECF No. 15-1. No further action will be taken on that filing.

Plaintiff also submitted a "motion for the Honorable Court to proceed with this case." ECF No. 13. To the degree this motion is construed as Plaintiff's request that the Court review his proposed amended complaint,

submitted on July 24, 2023, that request is granted. The prior Report and Recommendation is vacated.

Plaintiff's only named Defendant in this case is attorney Scott D. Miller, identified as Plaintiff's State of Florida, Office of Criminal Conflict and Civil Regional Counsel. ECF No. 11 at 1-2. Plaintiff complains about the representation provided by his attorney and said he "refused to do any work on [his] case." *Id.* at 7. Plaintiff contends that Mr. Miller refused to subpoena his witnesses, obtain bodycams, and did not submit any evidence. *Id.* at 7-8. Plaintiff claims that Miller twice told him, "Remember, I work for the state." *Id.* Although Plaintiff did not include a claim or request for relief, the complaint is liberally construed as alleging that the Defendant violated Plaintiff's Sixth and Fourteenth Amendment right to counsel.

As noted in the prior Report and Recommendation, Plaintiff cannot succeed on a § 1983 claim against Defendant Miller, his criminal defense counsel. Federal law creates a private right of action and imposes civil liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.  "To prevail on a claim under § 1983, Plaintiff must show both that (1) Defendant deprived him of a right secured by the United States Constitution or federal law and (2) 'the alleged deprivation was committed under color of state law.'"  Walker v. Williams, No. 21-10597, 2022 WL 363809, at *3 (11th Cir. Feb. 8, 2022) (citing to Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276–77 (11th Cir. 2003)).

It has been well established for more than forty years "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); *see also* Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  Plaintiff's claims are barred under the Supreme Court's holding in Dodson.  Defendant Miller was Plaintiff's criminal defense attorney, but representation by counsel in a state criminal trial is not acting "under color of state law."  Walker v.

Williams, 2022 WL 363809, at *4.  Because Plaintiff's complaint does not state a claim and any amendment would be futile, this case should be dismissed.

Accordingly, it is

**ORDERED:**

1.  The Report and Recommendation entered on June 2, 2023, ECF No. 9, is **VACATED**.

2.  Plaintiff's in forma pauperis motion, ECF No. 12, is **GRANTED**. Plaintiff is not required to submit pre-payment of the filing fee or make an initial partial filing fee.

3.  Plaintiff's original in forma pauperis motion, ECF No. 2, is **DENIED as moot**.

4.  The Clerk of Court shall mail this Order with an appropriate cover letter to:  Department of Corrections, Office of the General Counsel, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

5.  Plaintiff is ultimately responsible for payment of the $350.00 filing fee, regardless of transfer, release from prison, or the subsequent dismissal of this case.  28 U.S.C. § 1915(b).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff's § 1983 claim against Defendant Miller, ECF No. 11, fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:23cv129-AW-MAF